IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Abdali LLC, et al.,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>Adam Simmens, et al.,<br><br>Counterclaim Defendants,<br><br>v.<br><br>Asad Khan Family LLC, et al.,<br><br>Defendants and Counterclaim Plaintiffs,<br><br>The Box Investments LLC,<br><br>Defendant and Nominal Defendant. | CIVIL ACTION<br><br>NO. 25-1618 |

**OPINION**

**Slomsky, J.** **September 29, 2026**

## I. INTRODUCTION

This action arises from a series of disputes surrounding the expansion of Asad's Hot Chicken, a fast-casual chain serving fried chicken sandwiches at nineteen locations throughout Pennsylvania, New Jersey, and Delaware. Plaintiffs Abdali LLC; American Food, Paper, and

Poultry LLC; and Hashmatullah Abdali ("Plaintiffs") brought this action against several Defendants, including The Box Investments LLC ("Box"). Because one Plaintiff, Abdali LLC, is a member of Box, Plaintiffs' claims have no basis for complete diversity of citizenship jurisdiction—a prerequisite for the Court to exercise subject-matter jurisdiction. For this reason, Plaintiffs filed a Motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2) ("Rule 41(a)(2)").[1] (Doc. No. 99) Because the Court lacks subject-matter jurisdiction over this action, the Court will dismiss it without prejudice under Federal Rule of Civil Procedure 12(h)(3).[2]

## II. PROCEDURAL HISTORY

On March 27, 2025, Plaintiffs filed their original Complaint against Defendants AI Group LLC, Asad Khan Family LLC, Asad Khan, and Aziz Rahman (together, "Original Defendants"), asserting five claims for breach of contract, tortious interference of contract, breach of fiduciary

---

[1] Federal Rule of Civil Procedure 41(a)(2) governs a voluntary dismissal that requires court order. The Rule provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

[2] Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

duties, aiding and abetting breaches of fiduciary duties, dissociation, and defamation. (See Doc. No. 1 at 9-14)

On March 4, 2023, Original Defendants filed their Answer to the Complaint, raised nine Counterclaims, and joined three Counterclaim Defendants, Adam Simmens, Keith Menella, and Vincent Menella (together, "Counterclaim Defendants") to the action. (Doc. No. 9) However, Original Defendants failed to file the required disclosure statements under Federal Rule of Civil Procedure 7.1(a)(2) ("Rule 7.1(a)(2)") with their Answer and Counterclaims.[3] On June 30, 2025, Counterclaim Defendants Keith Menella and Vincent Menella filed their Answer to the Original Defendants' Counterclaims, while Counterclaim Defendant Adam Simmens filed a Motion to Dismiss the Counterclaims. (Doc. Nos. 17, 18) Plaintiffs also filed a Motion to Dismiss the Counterclaims on June 30, 2025, which they modified on July 2, 2025. (Doc. Nos. 16, 19) After receiving responses to the Motion to Dismiss, granting numerous stipulations to extend deadlines, and rescheduling two hearings at the parties' request, the Court held a hearing on the outstanding Motions to Dismiss on December 4, 2025.

---

[3] Federal Rule of Civil Procedure 7.1(a)(2) requires parties to name and disclose their citizenship so the Court can properly evaluate the bases for diversity of citizenship jurisdiction. Rule 7.1(a)(2) states the following:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> > (A) when the action is filed in or removed to federal court, and
> >
> > (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2).

On December 18, 2025, Plaintiffs filed an Amended Complaint against Defendants AI Group LLC, Asad Khan Family LLC, Asad Khan, Aziz Rahman, Zeeshan Khan, The Box Investments LLC, and Nurture INTL, LLC ("Nurture") (together, "Defendants"). (Doc. No. 40) Through the Amended Complaint, Plaintiffs assert nineteen claims for various theories of breach of contract, breach of fiduciary duties, inspection of books and records, piercing the corporate veil, minority shareholder oppression, dissociation, indemnity, defamation, tortious interference with contract, and violations of state collection laws. (See Doc. No. 40 at 25-44)

On January 1, 2026, Original Defendants filed their Answer to the Amended Complaint and Counterclaims, which raised ten counterclaims. (See Doc. No. 52) On February 17, 2026, Counterclaim Defendants Keith Menella and Vincent Menella filed their Answer to the Amended Counterclaims, and Counterclaim Defendant Adam Simmens filed a Motion to Dismiss the Amended Counterclaims. (Doc. Nos. 65, 66) A few days later, on February 20, 2026, Defendants Zeeshan Khan and Nurture filed a Motion to Dismiss the Amended Complaint. (Doc. No. 67) Likewise, on February 24, 2026, Box filed its Motion to Dismiss the Amended Complaint with Prejudice, and Plaintiffs filed their Motion to Dismiss the Amended Counterclaims. (Doc. Nos. 70, 71)

Shortly thereafter, Plaintiff filed two letters, dated June 23, 2026 and July 2, 2026, alerting the Court that inclusion of Box as a Defendant destroyed subject-matter jurisdiction over the action because Box shared a state of citizenship with one Plaintiff, thus eliminating the basis for complete diversity of citizenship. (Doc. Nos. 92, 95) Original Defendants responded to Plaintiffs' letters on July 6, 2026, taking the position that Plaintiff was not entitled to voluntarily dismiss the action and maintaining that the Court could properly exercise subject-matter jurisdiction. (Doc. No. 96) In consideration of the parties' letters, the Court ordered Plaintiffs to

file a Motion to Dismiss the case pursuant to Rule 41(a)(2) and set a deadline for Defendants' responses to this motion. (Doc. No. 98) Defendants, through responses in opposition to Plaintiffs' Motion, all protest the perceived prejudice they would suffer by dismissal. (Doc. No. 101-103) Plaintiffs then filed their Motion to Compel Rule 7.1(a)(2) disclosure statements on August 4, 2026, which the Court granted that same day. (Doc. Nos. 107, 108) Over the following week, each Defendant submitted their Rule 7.1(a)(2) disclosure statements. (Doc. Nos. 109-113)

## III. STANDARD OF REVIEW

To exercise subject-matter jurisdiction over a civil action, federal courts must generally have either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332. In evaluating subject matter jurisdiction based on diversity of citizenship, federal courts examine "the state of facts that existed at the time of filing." Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 571 (2004). However, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 22-23 (2025) (quoting Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-74 (2007)). "[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. That is, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the

same state as any defendant.'" Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (quoting Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) and Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, see Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." Craven v. Leach, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n. 13 (3d Cir. 1999)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. See Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011). To determine the citizenship of a corporation for purposes of diversity under § 1332, courts use the test announced by the United States Supreme Court in Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010). Under Hertz, a corporation is a citizen of its state of incorporation and its principal place of business—its "nerve center." Id. However, the citizenship of an unincorporated association, such as a partnership or limited liability company, is determined by the citizenship of its partners or members. Lincoln Ben. Life Co., 800 F.3d at 105.

"As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." Spectacor Mgmt. Gp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted).

## IV. ANALYSIS

### A. This Case Will Be Dismissed for Lack of Subject-Matter Jurisdiction

Plaintiffs sought to invoke this Court's subject-matter jurisdiction through diversity of citizenship jurisdiction. Though Plaintiffs satisfy the amount in controversy requirement by alleging damages exceeding $75,000, Plaintiffs cannot establish complete diversity of citizenship between the parties.

Here, analysis of the parties' diversity of citizenship begins with the Amended Complaint. The Amended Complaint incorrectly asserts that "Plaintiffs are either New Jersey limited liability companies with their members residing in New Jersey or individuals residing in New Jersey, whereas Defendants are either Pennsylvania limited liability companies with their members residing in Pennsylvania or individuals residing in Pennsylvania." (Doc. No. 40 at 5) Plaintiffs are all citizens of New Jersey, but Defendant Box is, in fact, a citizen of both Pennsylvania and New Jersey. Box's Rule 7.1(a)(2) corporate disclosure statement confirms this—its membership comprises citizens of both New Jersey and Pennsylvania, meaning that the Box is domiciled in both states. (Doc. No. 113) Specifically, Plaintiff Abdali LLC and Counterclaim Defendants Keith and Vincent Mennella, all citizens of New Jersey, are members of Box, while the rest of Box's members, all parties to this action, are Pennsylvania citizens. (Doc. No. 113) Because Box shares citizenship with parties on both sides of the dispute—and apparently had shared citizenship with both sides at the time the Amended Complaint was filed—its citizenship defeats complete diversity and deprives the Court of subject-matter jurisdiction over Plaintiffs' claims. For their part, Defendants offer no independent basis for the Court to exercise subject matter jurisdiction over their counterclaims.

Nevertheless, Defendants and Counterclaim Plaintiffs contend that this Court should disregard Box's citizenship for purposes of diversity jurisdiction because the limited liability company is a nominal defendant to the action. (See Doc. No. 103 at 7-10) While Defendants and Counterclaim Defendants correctly point out that Plaintiffs pursue certain derivative claims on behalf of Box, Defendants and Counterclaim Defendants bring derivative claims for Box's benefit too. But their representation that Box is merely a nominal defendant and thus a "dispensable party" is plainly inconsistent with the pleadings. (Doc. No. 103 at 7) Six of Plaintiffs' nineteen claims are direct actions against Box. The additional presence of derivative claims brought on Box's behalf does not eliminate the need to consider its citizenship in determining whether complete diversity of citizenship exists here. As noted, because Plaintiffs assert claims against Box, a limited liability company with the same domicile as one Plaintiff, this Court does not have subject-matter jurisdiction over the action.

Separately, Defendants Zeeshan Khan and Nurture request that this Court "rule on the merits of their Motion to Dismiss . . . irrespective of any ruling on Plaintiffs' present Motion" and emphasize that complete diversity of citizenship exists just between them and Plaintiffs. (See Doc. No. 101 at 2) While it is true that complete diversity exists between those parties—Plaintiffs are domiciled in New Jersey and Defendants Zeeshan Khan and Nurture are domiciled in Pennsylvania and Pakistan—this distinction does not remedy the absence of complete diversity between all Plaintiffs and all Defendants. (See Doc. No. 110) Nor do Defendants Zeeshan Khan and Nurture identify any legal basis for the Court to retain those claims notwithstanding the lack of complete diversity between all parties. Again, because multiple parties on opposite sides of the action share citizenship, the Court lacks subject-matter jurisdiction to adjudicate the disputes in the present case.

**B. Dismissal Will Not Prejudice Defendants**

In their responses to Plaintiffs' Motion for Voluntary Dismissal, Defendants AI Group LLC, Asad Khan Family LLC, Asad Khan, Aziz Rahman, Zeeshan Khan, Nurture, and Box emphasize the prejudice they perceive dismissal would cause. (See Doc. Nos. 101-103) Though Defendants insist otherwise, they will suffer no prejudice from dismissal. Any delay and additional expense in resolving the present jurisdictional issue may be attributed, at least in part, to their failure to timely file corporate disclosure statements required under Rule 7.1(a)(2), which would have allowed the Court and the parties to evaluate issues surrounding subject-matter jurisdiction at an earlier time. All Defendants failed to timely file those disclosures, and most Defendants did not do so until compelled by the Court's order. (Doc. No. 108) Had they timely complied with their disclosure obligations, the jurisdictional defect now at issue might have been addressed earlier in the litigation. In any event, keeping the case in federal court would not cure the issues of delay and expense cited by Defendants, as this would only increase the parties' expenses and further delay resolution of the matter.

Additionally, for these reasons, Defendants' requests that the Court impose sanctions and shift fees are denied. Each party shall bear its own attorneys' fees and costs incurred in this action.

## V. CONCLUSION

Altogether then, the Court finds that it has no subject-matter jurisdiction over this case. As such, the Court will dismiss the action without prejudice. An appropriate order follows.